IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNSON B. OGUNLANA, | | No. 4:22-CV-01854 |
| Petitioner, | | (Chief Judge Brann) |
| v. | | |
| L. BARRAZA, | | |
| Respondent. | | |

MEMORANDUM OPINION

DECEMBER 14, 2022

Petitioner Johnson B. Ogunlana, an inmate confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to collaterally attack his recent convictions and sentence imposed by the United States District Court for the District of Maryland. The Court will dismiss Ogunlana's Section 2241 petition for lack of jurisdiction.

I.   BACKGROUND

Ogunlana is currently serving a six-year sentence after pleading guilty to multiple fraud and identity-theft charges.[1] He was sentenced on February 17, 2022, in the United States District Court for the District of Maryland.[2] Ogunlana filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court in May

---

[1] *See United States v. Ogunlana*, No. 1:20-CR-285-CCB, Doc. 125 (D. Md. Feb. 17, 2022).
[2] *Id.*

2022,³ which motion appears to still be pending. In August 2022, he filed a notice of appeal,⁴ which also appears to be still pending in the Fourth Circuit.⁵

Ogunlana now attempts to collaterally attack his convictions and sentence through Section 2241 in this Court. However, because this Court does not have jurisdiction to entertain Ogunlana's petition, it must be dismissed.⁶

## II.   DISCUSSION

Ogunlana raises four constitutional claims in his Section 2241 petition. He alleges ineffective assistance of counsel, violation of his speedy-trial rights, and a Fourth Amendment claim concerning his underlying criminal investigation.⁷ These appear to be the same claims asserted in his Section 2255 motion in the District of Maryland.⁸ None of them are cognizable in this Court.

Generally, the presumptive method for bringing a collateral challenge to the validity of federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.⁹ Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a

---

3   *See id.*, Doc. 137 (D. Md. May 12, 2022).
4   *See id.*, Doc. 157 (D. Md. Aug. 2, 2022).
5   *See* Doc. 1 at 5.
6   *See* 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions); *id.* § 2254 Rule 4 (requiring courts to screen habeas petitions and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").
7   *See* Doc. 1 at 6-7.
8   *See Ogunlana*, Doc. 137 at 4-5 (D. Md. May 12, 2022).
9   *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).

federal prisoner proceed under Section 2241 instead of Section 2255.[10] The United States Court of Appeals for the Third Circuit has explained that this "safety valve" provision in Section 2255(e) only applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[11] Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[12] But merely because a petitioner is unable to meet the "stringent gatekeeping requirements" of Section 2255 does not render a motion under that provision "inadequate or ineffective" to challenge a conviction or sentence.[13]

Ogunlana plainly does not meet the demanding requirements of Section 2255(e). He has failed to identify an intervening change in controlling, statutory law that would render his prior conduct noncriminal. Moreover, Ogunlana has not proffered any reason why the instant claims could not have been raised in a Section 2255 motion, or why such a motion is "inadequate or ineffective" to challenge his convictions and sentence. In point of fact, Ogunlana *has* raised these claims in a pending Section 2255 motion.

---

[10] *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).
[11] *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017); *see also Cordaro v. United States*, 933 F.3d 232, 239-40 (3d Cir. 2019).
[12] *Bruce*, 868 F.3d at 180 (quoting *Dorsainvil*, 119 F.3d at 251).
[13] *Okereke*, 307 F.3d at 120.

The safety valve provision in Section 2255(e), therefore, does not apply. Accordingly, the Court must dismiss Ogunlana's Section 2241 petition for lack of jurisdiction.[14]

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Ogunlana's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[14] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).